# Richmond.

## CORR v. LEWIS.

### December 3, 1896.

1. SLANDER—*Jury Best Judges of Issues—Sec. 2897 of Code.*—A jury is the best and safest tribunal for determining the issues in an action for slander, and hence the provision of Sec. 2897 of the Code as to demurrers in an action for slander. While the court would have the power to correct any manifest departure from right and justice on the part of the jury, in actions of this kind, yet there was no error in the refusal of the trial court to set aside the verdict in this case as contrary to the law and the evidence.

Error to a judgment of the Circuit Court of King William county, rendered October 6, 1893, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

A verdict was rendered for the defendant April 4, 1893, which the plaintiff moved the court to set aside as contrary to the law and the evidence, but the court, not being advised of its judgment, continued this cause till the next term of the court. At the next term, October 6, 1893, the court entered judgment on the verdict for the defendant, and the plaintiff excepted. The opinion states the other facts.

*Geo. P. Haw* and *S. L. Kelley,* for the plaintiff in error.

*Pollard & Sands* and *H. I. Lewis,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This was an action of trespass on the case for slander.    A general demurrer to the declaration was overruled, and thereupon the plea of not guilty was entered.    The jury returned a verdict for the defendant, and the plaintiff moved to set the verdict aside as contrary to the law and the evidence. The court overruled this motion, and gave judgment in accordance with the finding of the jury.

The only ground of error assigned is to the judgment of the court in refusing to set the verdict aside as contrary to the law and the evidence.

The declaration alleges, and the evidence for the plaintiff tends to prove, that the defendant, in the presence of others, stated that the plaintiff had publicly lied on the court green about a preacher; that he was no gentleman in allowing himself to be run and voted for as supervisor against the regular Democratic nominee; that he was not a fit man to be appointed constable; that he had inherited his meanness from his old father who caused Bob Neal's death by selling him out, and who robbed the government by not giving in his bonds to the commissioner of the revenue.

The evidence for the defendant shows that he did not say the plaintiff had publicly lied about a preacher, but had stated that what the plaintiff said about the preacher was not true. The defendant admits that he said the plaintiff was not a suitable man for constable, and that he had said he was no gentleman for allowing himself to be run and voted for against the regular Democratic nominee, and the defendant further testified that he could prove all that he said about the plaintiff's father.    The evidence further shows that the defendant had no malice against the plaintiff; and the evidence of the plaintiff shows that both parties are gentlemen of high character, and that no one thought any less of the plaintiff after the defendant's remarks than they did before.

The plaintiff in error must occupy the position in this court of a demurrant to evidence, and be subject to the well-known

rules governing in such cases. Section 2897 of the Code provides that "All words which from their usual construction and common acceptation, are construed as insults and tend to violence and breach of the peace, shall be actionable. No demurrer shall preclude a jury from passing thereon."

While the court would have the power to correct any manifest departure from right and justice on the part of the jury, still it must be conceded that the jury is regarded as the best and safest tribunal for determining the issues in such cases as the one before us. Hence the provision in the section quoted that no demurrer shall preclude a jury from passing on the case.

In *Brooks* v. *Calloway*, 12 Leigh, 466, Judge Allen says: "The court cannot say whether the words are or are not insulting; that depends on the place, the manner and circumstances in which they are uttered. The literal meaning of the words may in part praise; but, if spoken ironically and with intent to wound, they may amount to the keenest insult."

It is equally true that the literal meaning of words may import insult, and yet the manner of their utterance, and the circumstances under which they are said, would satisfy any one that no insult was intended.

Judge Baldwin says, in *Mosely* v. *Moss*, 6 Gratt., 534: "Insults by words spoken to or concerning another, depend so much upon the manner, the occasion, the allusions, and peculiar circumstances, as to defy all rules of technical precision and import, and must of necessity be regarded as questions of fact, to be submitted to the experience, observation and the common sense of a jury."

These authorities show how difficult it would be for this court to determine whether words alleged to have been spoken were intended to insult, or were not so intended, and how peculiarly qualified the jury is to settle such questions.

The case at bar is no exception, a jury of the vicinage has

had the parties before them, have seen the witnesses, heard them testify, considered all the circumstances under which the words were uttered and the manner of uttering them, have seen that the defendant was without malice, and that the plaintiff had suffered no damage, and have found for the defendant, and upon well settled principles their verdict cannot be disturbed.

For these reasons, the judgment of the Circuit Court must be affirmed.

*Affirmed.*