# Richmond

## J. E. DARNELL v. J. JAMES DAVIS.

March 13, 1950.

Record No. 3595.

Present, All the Justices.

The opinion states the case.

*Vivian L. Page* and *Walter A. Page*, for the plaintiff in error.

*James G. Martin & Sons,* for the defendant in error.

MILLER, J., delivered the opinion of the court.

J. James Davis, plaintiff (defendant in error here), instituted an action at law for damages against J. E. Darnell, defendant (plaintiff in error here). The parties litigant will be referred to in accordance with the positions occupied by them in the lower court.

The declaration was in trespass on the case and contained two counts. The first charged malicious prosecution. The second is based upon sec. 5781, Code, 1942 (sec. 8-630, Code, 1950), which is commonly known as the statute of insulting words. The latter count alleges that defendant maliciously wrote and published of and concerning the plaintiff insulting words. The written words which are asserted to be actionable are set forth *in extenso.*

A verdict for $3,000 was returned in favor of plaintiff. Upon motion of defendant, it was set aside by the trial court as being excessive, plaintiff was placed upon terms to accept $2,000, and judgment was entered for that lesser sum. It was a general verdict and thus fails to reveal whether it was rendered upon the first or second count or upon both. Though it was set aside and judgment entered for a lesser sum, that judgment stems from the finding of the jury in favor of plaintiff and likewise fails to disclose upon what count or counts it was based.

Plaintiff is an attorney at law, practicing his profession in the city of Norfolk and vicinity. He was acting as administrator of the estate of defendant's father, who had recently died. He had also been employed by defendant to collect rents due him from several tenants who occupied an apartment house previously owned by the father but then owned by defendant and located at 311 W. 14th St., Norfolk, Virginia.

The rents owing by the several tenants were collectible every two weeks and for that purpose plaintiff was in the

habit of calling at the apartment building every other Sunday and securing the rents from Mr. and Mrs. Duncan, the resident managers, to whom the tenants personally paid the same.

About midday on Sunday, July 18, 1948, plaintiff made his usual trip to secure such rents as had been paid by the tenants. He was informed by the resident managers that they had received a letter from defendant instructing them not to pay him any more rent. They, however, offered to pay what they then had on hand, which he declined, and thereupon left the premises. At that particular time, defendant was sitting on the front porch of the apartment building and seen by plaintiff, but they had no conversation nor communication whatever with each other.

On July 19, 1948, plaintiff received a telephone call from the Police Department that there was a warrant for his arrest at the Berkley Precinct of Norfolk city. He thereupon reported to that precinct and upon arrival, he was served with a warrant that defendant had sworn out before a justice of the peace. It charged him with having on the 18th day of July, 1948, unlawfully violated "The ordinances of the City of Norfolk, in that he did trespass on private property, 311 W. 14th St., 12-30 P. M."

Plaintiff entered into recognizance in the penalty of $100 conditioned to appear on July 20, 1948, in the police court to answer the charge. Upon reporting to police court that day, he learned that the warrant had been, without his knowledge or consent, withdrawn and dismissed the same day it had been issued. That dismissal had been secured by defendant through his having signed and presented a petition or written request to the justice of the peace who issued the warrant, which is as follows:

"I, J. E. Darnell, hereby acknowledge satisfaction for injuries I have sustained at the hands of J. J. Davis, now under recognizance to answer for misdemeanor, in this that he, on the 18th day of July, 1948, in said city did unlaw-

fully trespass on private property and therefore pray that said recognizance be discharged."

The statute under which this dismissal of the prosecution and discharge of the recognizance was had is section 4849, Code, 1942 (sec. 19-12, Code, 1950).

That part pertinent to this inquiry reads:

"When a person is in jail or under a recognizance to answer a charge of assault and battery or other misdemeanor, * * *, for which there is a remedy by civil action, * * *, if the party injured appear before the judge or justice, who made the commitment, or took the recognizance, or before the court in which the indictment is pending, and acknowledge in writing that he had received satisfaction for the injury, such judge, justice, or court may, in his or its discretion, by an order, supersede the commitment, discharge the recognizance, or dismiss the prosecution, upon payment by the defendant of costs accrued to the Commonwealth, or any of its officers."

Numerous errors are assigned by defendant to rulings of the court, and he insists that the judgment should be set aside and a new trial awarded.

Defendant says that there can be no recovery on the second count because the words written and published by him under the circumstances obtaining (a) were not "words which from their usual construction and common acceptation are construed as insults * * *," and (b) the communication complained of was written and published pursuant to sec. 4849, Code, 1942 (sec. 19-12, Code, 1950), in a judicial proceeding; was relevant and pertinent to the matter involved and therefore absolutely privileged.

These defenses were sufficiently presented through demurrer, tender of appropriate instructions, and a motion to set aside the verdict.

Prior to 1940, sec. 5781, Code, 1919, upon which plaintiff's second count was based, read as follows:

"All words which, from their usual construction and common acceptation, are construed as insults and tend to

violence and breach of the peace, shall be actionable. No demurrer shall preclude a jury from passing thereon."

As the statute then stood, the question of whether or not the words complained of were insulting and tended to violence and breach of the peace was a matter to be determined by the jury. That statutory right and province of the jury was limited only by the power of the court "to correct any manifest departure from right and justice" on their part. *Corr* v. *Lewis*, 94 Va. 24, 26, 26 S. E. 385, and *Montgomery Ward & Co.* v. *Nance*, 165 Va. 363, 182 S. E. 264.

In 1940, the statute was amended by omitting its last sentence. Acts 1940, p. 294. The deletion of that sentence gave the court the same power and control over actions brought under this section that it exercised over common law actions for libel and slander. *Rosenberg & Sons* v. *Craft*, 182 Va. 512, 528, 29 S. E. (2d) 375, 151 A. L. R. 1095.

We are therefore called upon to determine whether, under the circumstances disclosed by the evidence, the words that were written and published by defendant could be considered and construed by fair-minded men as insulting and tending to violence and breach of the peace. If they could be reasonably so construed, then they were actionable under the present statute unless the occasion was one of privilege.

With all conflicts in the evidence resolved in favor of plaintiff, it appears that he was without cause charged with a criminal offense, arrested and let to bail. With that status which had been brought about by defendant, and in that setting, defendant then asserted, in the writing complained of, that plaintiff had, through the commission of crime, caused injury to defendant, and thereafter rendered satisfaction therefor. A reasonable and justifiable interpretation of the writing is that plaintiff was guilty of the trespass; that defendant had been injured thereby, and plaintiff had acknowledged his guilt and made satisfaction for the injury inflicted. The evidence offered by plaintiff was to the effect that these charges were false and unfounded. We

think reasonable men would be justified in concluding that the words carried an imputation of crime and acknowledgment by plaintiff of his guilt. This, we consider sufficient to sustain a finding that the words were insulting and tended to violence and breach of the peace.

It is settled law in Virginia that words spoken or written in a judicial proceeding that are relevant and pertinent to the matter under inquiry are absolutely privileged. *Penick* v. *Ratcliffe*, 149 Va. 618, 140 S. E. 664, and *Massey* v. *Jones*, 182 Va. 200, 28 S. E. (2d) 623.

It having been determined that the words were actionable under the statute, the next questions are: (a) were they written and published in a judicial proceeding; and (b) were they sufficiently relevant and pertinent to the matter in inquiry to render them privileged?

That what was undertaken by the justice on the occasion of the dismissal of the warrant was a judicial proceeding and, what he did, the exercise of judicial discretion, is not open to serious question. Section 4849, Code, 1942 (sec. 19-12, Code, 1950), under which the dismissal of the warrant was had is made applicable to those classes of misdemeanors which also involve the infliction of a civil wrong. The course adopted for the disposal of the criminal charge was set out in the statute and is judicial in nature. It contemplates acknowledgment of satisfaction for the civil wrong, and the dismissal of the criminal charge then rests in the judicial discretion of the justice.

Within the intendment of the law of Libel and Slander, we find a "judicial proceeding" thus defined in 53 C. J. S., "Libel and Slander", sec. 104, p. 169:

"Generally the privilege of judicial proceedings is not restricted to trials of civil actions or indictments, but it includes every proceeding before a competent court or magistrate in the due course of law or the administration of justice which is to result in any determination or action of such court or officer. * * *."

Of like import is the case of *Stone* v. *Hutchinson Daily News*, 125 Kan. 715, 266 P. 78, 58 A. L. R. 718, and Annotations at p. 723, and the text of 33 Am. Jur., "Libel and Slander," sec. 146, *et seq.*, p. 142, and 1 Am. Jur., "Actions", sec. 4, at p. 407.

We have no difficulty in deciding that the undertaking engaged in by the judicial officer which resulted in a discharge of the recognizance and dismissal of the warrant falls well within the definition of a judicial proceeding.

That a written request or petition for dismissal made by the party who had obtained a warrant of this character, presented to the justice of the peace who issued that warrant, is pertinent to the matter under inquiry is evident from the very purpose of sec. 4849, Code, 1942 (sec. 19-12, Code, 1950), which authorizes that procedure. Under the explicit terms of that section, the written request for dismissal of the warrant is addressed to the discretion of the judicial officer empowered to take the action authorized and allowed by law, and his action terminates the prosecution. Here it may be fairly said that not only was the writing pertinent, but it was the foundation of and part and parcel of the proceeding.

The record discloses that this warrant was dismissed without the knowledge or consent of the present plaintiff and that he did not pay the cost incident thereto, as contemplated by the provisions of sec. 4849 (sec. 19-12, Code, 1950). He therefore insists that because the costs were not paid by him, the justice of the peace had no right or jurisdiction to dismiss the warrant. It is then argued that lacking such jurisdiction and rightful power to dismiss the warrant, it cannot be said that what was written and published by Darnell was done in a judicial proceeding.

There is no merit whatever in this contention. First, it is evident that defendant's presentation of the written request for dismissal to the justice of the peace was either privileged or not and its status did not depend upon whether or not the justice rightfully exercised his judicial

discretion. Secondly, the failure to secure payment of the costs from defendant before dismissal of the warrant was a mere error or irregularity on the part of the justice and could not alter the privileged nature of the writing. This judgment of dismissal, though reached by an erroneous application of the statute, was not without the jurisdiction of the justice who rendered and pronounced it. Implicit in the power and jurisdiction to formulate and pronounce judgment is the human right to err, and mere error or irregularity of this nature is not loss of jurisdiction. *Robertson* v. *Commonwealth*, 181 Va. 520, 25 S. E. (2d) 352, 146 A. L. R. 966.

The written communication to the justice was made in a judicial proceeding and was relevant to the matter in inquiry. It follows that no recovery can be had on the second count of the declaration and the judgment must be reversed and a new trial directed which shall be limited to the cause of action alleged in the first count.

Many of the questions presented by the other assignments of error are without merit and others are not likely to arise in any future trial, and will therefore not be considered.

*Reversed and remanded.*