## CIRCUIT COURT OF FAIRFAX COUNTY

Navin Shah et al.

v.

Medical Economics Co., Inc., et al.

May 17, 1989

Case No. (Law) 88984

By JUDGE J. HOWE BROWN

This case is before the Court for decision on the Demurrer filed on behalf of Medical Economics Company (MEC). For the reasons stated in this letter, the Demurrer is sustained without leave to amend.

There is no action on behalf of a class in Virginia. However, if the Demurrer is sustained on that ground, each doctor would be allowed to restate his Motion for Judgment separately. The dispositive question is whether an individual doctor may sue upon the cause of action alleged.

Plaintiffs allege they are "foreign medical graduates," a class which "consists of over 120,000 doctors and over 20% of all doctors licensed and practicing in the United States." (Motion for Judgment, p. 1). It is alleged that MEC published an article suggesting that foreign medical graduates are, a substantial malpractice risk and otherwise undesirable.

Nothing in the article or in the Motion for Judgment particularly refers to either Plaintiff, except identification of them as a member of the class. "If the class or group involved is a very large one, and there is little or nothing which applies to the particular person who brings the action, his right of recovery will generally be denied." *Ewell v. Boutwell*, 138 Va. 402, 409 (1924). An example in that case was given of libel against winesel-

lers: "an attack upon winesellers is insufficient to enable a single wineseller to recover damages when there is nothing which could be construed to show that it was intended to be applied to the plaintiff personally." *Ewell v. Boutwell*, 138 Va. 402, 409 (1924). Here the class is 120,000 doctors, 20% of all doctors in the country. It is unclear either in the article or in the Motion for Judgment whether "foreign medical graduates" refers to doctors of foreign birth, wherever trained, or to doctors of foreign birth who are trained overseas, or to doctors whether born in the United States or elsewhere who are trained overseas. In any case, the libel, if any, is directed to the whole class, not to any particular member of the class. The class is too amorphous and large to allow any one person who alleges he is a member to bring an individual action for libel.

The Demurrer is sustained without leave to amend.