## CIRCUIT COURT OF FAIRFAX COUNTY

Gordon Hutchins, Jr.

v.

Institutional Communications Co.

April 11, 1990

Case No. (Law) 94634

By JUDGE LEWIS HALL GRIFFITH

This matter came before the Court on the Demurrer of the defendant, Institutional Communications Company (ICC), to Counts II and III of the Motion for Judgment. For the reasons stated below, the Demurrer is sustained.

Count II is an action by the plaintiff for defamation under the "insulting words" statute. Va. Code § 8.01-45. The defendant argues that the words used could not be construed as insults which tend to violence and a breach of the peace.

The insulting words statute was designed to discourage offensive and excessive language "by subjecting those who are so hasty of temper and inconsiderate of the feelings of others . . . to such actual and punitive damages as may be awarded by a jury." *Hines v. Gravins*, 136 Va. 313, 320, 112 S.E. 869 (1922).

To weed out meritless suits, courts may make a threshold determination that words, as a matter of law, are not insulting nor tend to violence and a breach of the peace. *Darnell v. Davis*, 190 Va. 701, 58 S.E.2d 68 (1950). To determine whether words are insults, the particular facts and the surrounding circumstances of each case should be considered. *Corr v. Lewis*, 94 Va. 24, 26 S.E. 385 (1896).

The Motion for Judgment alleges that ICC's Board of Directors told Hutchins he was terminated "for cause" as prescribed by his employment agreement. Paragraph 10(b) of the agreement defines "cause" as the employees unlawful or unethical acts, his conviction of any crime, the failure of the employee to perform his duties after notice to him of such, and his violation of the contract's noncompetition clause.

It is the Court's opinion that reasonable men could not consider the words used, under the particular circumstances, to be insulting and tending to violence and a breach of the peace.

The language complained of here, "for cause," was susceptible to several interpretations, some of which were entirely unoffensive. The setting was not one which is normally violently antagonistic or which is typically associated with breaches of the peace. The facts of this case are simply not those that the statute was designed to provide a remedy for.

As a matter of law, Hutchins has failed to state a cause of action under Va. Code § 8.01-45, and the Demurrer to Count II is sustained.

Count III alleges common law defamation based on the same facts. ICC demurs on the grounds that the statements are not defamatory as a matter of law.

To be actionable, words need not be facially defamatory. It is sufficient if extrinsic facts show the defamatory meaning behind otherwise innocuous words. *Moss v. Harwood*, 102 Va. 386, 46 S.E. 385 (1904). In all cases, however, the defamatory meaning of the words must be clear. *Id.*

It would be a stretch to say that the language and the alleged defamatory imputations in this case were clear. As previously noted, the word "cause" had several alternate meanings and, based on the pleadings, it is impossible to say that one specific meaning was clearly intended.

Further complicating Hutchins's case is the fact that only those aware of the terms of the contract could conceivably construe the defendant's statements as defamatory. There is no allegation in the Motion for Judgment that those who heard the "offending" language were aware of the significance of the term "for cause."

As a matter of law, the statements of the defendant are not defamatory. The Demurrer to Count III is sustained.

266

For the foregoing reasons, Counts II and III of the Motion for Judgment are dismissed. Leave is granted to the plaintiff to file an amended Motion for Judgment within twenty-one days of the entry of the order reflecting this ruling.