# CIRCUIT COURT OF ROCKINGHAM COUNTY

Donald A. Dean, Jr.

v.

Town of Elkton
and M. Lee Dearing

February 21, 2001

Case No. CL00-11958

BY JUDGE JOHN J. MCGRATH, JR.

This matter is before the Court on Defendant, M. Lee Dearing's, Demurrer to Plaintiff, Donald A. Dean, Jr.'s Motion for Judgment seeking compensatory and punitive damages for alleged defamatory statements made by Defendant while acting as Mayor of the Town of Elkton, Virginia. For purposes of ruling on demurrers, this Court, under well-established principles, will accept as true the allegations contained in Plaintiff's Motion for Judgment. *See Arlington Yellow Cab v. Transportation, Inc.*, 207 Va. 313, 319, 149 S.E.2d 877 (1966). In addition, when ruling on demurrers, this Court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit referred to in the pleading. *See Flippo v. F & L Land Corp.*, 241 Va. 15, 17 (1991).

The Plaintiff, Donald A. Dean, Jr., is currently a police officer employed by the Town of Elkton, Virginia, and was so employed at all times relevant to the Motion for Judgment. The Defendant, M. Lee Dearing, is currently the Mayor of the Town of Elkton, Virginia, and was the mayor of the town at all relevant times. The Town of Elkton is a small town located in eastern Rockingham County with a police force consisting of approximately five to eight police officers.

The Mayor, in either city council meetings or outside of these meetings, made numerous statements alleging various types and forms of corruption, dishonesty, and felonious conduct on the part of "the Elkton police department" (Plaintiff's Motion for Judgment, Exhibit 2, *Daily-News Record*, February 16, 1999); "our law enforcement" (Plaintiff's Motion for Judgment, Exhibit 2, *Daily-News Record*, February 24, 1999); the "town of Elkton's Police Department" (Plaintiff's Motion for Judgment, Exhibit 2, *Daily-News Record*, February 24, 1999); and the "Elkton police" (Plaintiff's Motion For Judgment, Exhibit 2, *Daily-News Record*, February 16, 1999). Mayor M. Lee Dearing made these statements beginning on or about February 15, 1999, continuing until on or about November 8, 1999. (Plaintiff's Motion for Judgment, ¶¶ 5, 6, 7.) During the period in which these alleged defamatory statements were made, there were approximately five to eight police officers that comprised the Town of Elkton police department. *See* Plaintiff's Memorandum in Opposition to Demurrer, p. 4. A good sample of the type of statements made is contained in the following newspaper article:

"I am telling you that I have allegations, I have facts. Prove me wrong," Dearing said. "If you can sit here and say all these people are lying, prove me wrong," the mayor later added. "Tell me that our law enforcement is not running drugs. Tell me, show me, that our law enforcement is not running guns. I'm saying I have information that they are. Tell me that they are not out here beating up our citizens, because I will tell you they are. Tell me that they are not out here harassing our kids, having young girls meeting them in the cemetery to keep from getting tickets. You tell me it's not — it is."

Plaintiff's Motion for Judgment, Exhibit 2, *Daily News-Record*, February 24, 1999.

In only one of the numerous statements made by the Defendant is the Plaintiff, Donald Dean, Jr., mentioned by name, and that occurred in the following statement:

While the meeting was in progress, Dearing claims that police Sgt. Donald Dean was at the town shop having maintenance employees destroy weapons, some of which Dearing believes should have been returned to the owners.

Plaintiff's Motion for Judgment, Exhibit 1, *Valley Banner*, February 18, 1999.

Plaintiff alleges that these statements were false and defamatory and that they were published or were caused and allowed to be published by the Defendant. Furthermore, the Plaintiff alleges that these false allegations were "of and concerning" the Plaintiff (Motion for Judgment, ¶ 6), and that these statements were made with actual malice and evil intent (Motion for Judgment ¶ 10).

The Defendant asserts in his Demurrer that the statements are not defamatory, that the statements are matters of opinion, and that the alleged publications are "not of and concerning" the Plaintiff and thus do not give Plaintiff a justiciable claim. Moreover, the Defendant asserts that he is protected by sovereign immunity and that the alleged defamatory statements are protected by an absolute privilege and a qualified privilege. The Court will only address the issue of whether the statements made by the Defendant beginning on or about February 15, 1999, continuing until on or about November 8, 1999, were "of or concerning" the Plaintiff, Donald A. Dean, Jr., because the Court finds this issue dispositive of all of the relevant issues raised by the demurrer, save one, which will be discussed separately.

Under Virginia law, a plaintiff alleging defamation "must show that the alleged libel was published 'of or concerning' him." *See Gazette v. Harris*, 229 Va. 1, 37, 325 S.E.2d 713, *cert. denied*, 472 U.S. 1032, 473 U.S. 905 (1985) (citing *Cave v. Shelor*, 16 Va. (2 Munf.) 193 (1811)).[1] The Plaintiff "need not show that he was mentioned by name in the publication . . . the plaintiff satisfies the 'of or concerning' test if he shows that the publication was intended to refer to him and would be so understood by persons reading it who knew him." *See Gazette v. Harris*, 229 Va. 1, 37, 325 S.E.2d 713, *cert. denied*, 472 U.S. 1032, 473 U.S. 905 (1985) (citing *Powell v. Young*, 151 Va. 985, 997-98, 144 S.E. 624, 627, rev'd on other grounds, 151 Va. 1002, 145 S.E. 731 (1928)). In other words, "the test is met if the plaintiff shows that the publication was 'in its description or identification such as to lead those who knew or knew of the plaintiff to believe that the article was intended to refer to [him]'." *See Gazette v. Harris*, 229 Va. 1, 37, 325 S.E.2d 713, *cert. denied*, 472 U.S. 1032, 473 U.S. 905 (1985) (quoting *Butler v. News-Leader Co.*, 104 Va. 1, 7, 51 S.E. 213, 215 (1905)). However, "if the publication on its face

---

[1] Although most cases refer to the test as the "of or concerning" test, some commentators and other cases refer to it as the "of and concerning" test. *Compare Gazette v. Harris*, 229 Va. 1, 37, 325 S.E.2d 713, *cert. denied*, 472 U.S. 1032, 473 U.S. 905 (1985), *with* T. E. Spahn, *The Law of Defamation in Virginia*, 45 (1999). However, this is merely a matter of semantics because the elements of the test are identical. This opinion will use the "of or concerning" terminology used by the Supreme Court in *Gazette v. Harris, supra.*

does not show that it applies to the plaintiff, the publication is not actionable, unless the allegations and supporting contemporaneous facts connect the libelous words to the plaintiff. If the rule were otherwise, any plaintiff could adopt and apply to himself any libelous matter and obtain a recovery." *See Gazette v. Harris*, 229 Va. 1, 37, 325 S.E.2d 713, *cert. denied*, 472 U.S. 1032, 473 U.S. 905 (1985) (citing *Ewell v. Boutwell*, 138 Va. 402, 413, 121 S.E. 912, 915 (1924)).

The Plaintiff further argues that when the alleged defamatory language employed "is directed towards a small or restricted group of persons, then any member thereof may sue." This is commonly known as the "small group theory" of defamation. *See Ewell v. Boutwell*, 138 Va. 402, 410, 121 S.E. 912, 915 (1924). The *Ewell* Court announced the following rules from 23 L.R.A. (N.S.), which it cited with approval and applied in that case:

1. If defamatory words are used broadly in respect to a general class of persons, and there is nothing that points, or by colloquium or innuendo can be made to apply, to a particular member thereof, such member has no right of action.

2. But if the language is employed toward a comparatively small group of persons, or a restricted or local portion of a general class, and is so framed as to make defamatory imputations against all members of the small or restricted group, any member thereof may sue.

3. On the other hand, if the words used in respect to the small or restricted group expressly but impersonally and indefinitely refer to one or more of the several members thereof, one of the members, in order to maintain his action, must establish the application of the language to himself.

*Ewell v. Boutwell*, 138 Va. 402, 411, 121 S.E. 912, 915 (1924) (citing 23 L.R.A. (N.S.) p. 726)).

There appears to be only one case in Virginia that has dealt directly with the issue of small group defamation since *Ewell v. Boutwell*, which will be discussed below. In fact, in *Ewell v. Boutwell, supra*, the Supreme Court held that the "small group theory" did not apply when the victim was a member of the Virginia House of Delegates and was not named in an article accusing various unnamed delegates of having taken bribes.

In this case, we are faced with the confluence of the "small group theory" as a way of proving the "of or concerning" element in a defamation case and the well-established principal that there can be no defamation of a government

or a government agency. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 291-92, 84 S. Ct. 710, (1964); *see also Rosenblatt v. Baer*, 383 U.S. 75, 83 (1966). In other words, may defamatory statements naming small governmental entities or small governmental departments be the basis of a defamation action by an official of such a government or governmental department by using the "small group theory" to establish Plaintiff's standing?

Although the "small group theory" is discussed in the relevant treatises and in cases from other jurisdictions, it has had little use in Virginia. The Supreme Court in *dicta* in *Ewell v. Boutwell*, 138 Va. 402, 411, 121 S.E. 912, 915 (1924), indicated that the "small group theory" *may be* utilized to prove the "of or concerning" element when applied "against a public board with a few members . . . [or] against the verdict of a jury." *See Id.* at 410. However, the Supreme Court rejected use of the "small group theory" in that case. *See Id.* at 415-16. In *Shah v. Medical Economics Co.*, 17 Va. Cir. 162 (1989), the Circuit Court held the theory not applicable when a foreign educated physician brought suit on the alleged defamation of "foreign medical graduates" (of which there were over 120,000 in the United States at the time of the suit).

What is of significant interest is that there is no Virginia appellate case utilizing the "small group theory" since the U.S. Supreme Court's watershed opinion in *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S. Ct. 710 (1964). Although the Supreme Court's extensive opinion in *New York Times v. Sullivan*, 376 U.S. 254, 84 S. Ct. 710 (1964), is most famous for its requiring actual malice or "constitutional malice" for recovery by a public official in a defamation action, it also addressed the interplay of the "small group theory," the "of or concerning" requirement, and the constitutional protections of free speech. The Supreme Court's pronouncement in *New York Times Co. v. Sullivan, supra,* was based on the bed rock constitutional principle that one cannot defame a government:

> [F]or good reason, "no court of last resort in this country has ever held, or even suggested, that prosecution for libel on government have any place in the American system of jurisprudence." *City of Chicago v. Tribune Co.*, 301 Ill. 595, 601, 139 N.E. 86, 88 (1923).

*New York Times Co. v. Sullivan*, 376 U.S. 254, 291-92, 84 S. Ct. 710 (1964).

In *New York Times Co. v. Sullivan, supra,* the Plaintiff argued that he had fulfilled the "of or concerning" requirement of his suit because the references to action by the "Police Forces" would be considered by the citizens as a reference to him because, as the Commissioner of Public Safety, many in the population would take the allegedly defamatory statements as applying to him.

In fact, Sullivan produced a number of witnesses who testified that they and others understood the defamation of the "Police Forces" to be referring to him. *See New York Times Co.*, 376 U.S. at 289-90 (1964).

The Supreme Court after reciting to the evidence Sullivan had introduced to show that references to the "police" or "Police Forces" were understood to refer to him, and the Alabama Supreme Court's approval of this basis of liability, stated:

> This proposition has disquieting implications for criticism of governmental conduct. For good reason, "no court of last resort in this country has ever held, or even suggested, that prosecutions for libel on government have any place in the American system of jurisprudence." *City of Chicago v. Tribune Co.*, 307 Ill. 595, 601, 139 N.E. 86, 88 (1923). The present proposition would sidestep this obstacle by transmuting criticism of government, however impersonal it may seem on its face, into personal criticism, and hence potential libel, of the officials of whom the government is composed. There is no legal alchemy by which a State may thus create the cause of action that would otherwise be denied for a publication which, as respondent himself said of the advertisement, "reflects not only on me but on the other Commissioners and the community." Raising as it does the possibility that a good-faith critic of government will be penalized for his criticism, the proposition relied on by the Alabama courts strikes at the very center of the constitutionally protected area of free expression. We hold that such a proposition may not constitutionally be utilized to establish that an otherwise impersonal attack on governmental operations was a libel of an official responsible for those operations. Since it was relied on exclusively here, and there was no other evidence to connect the statements with respondent, the evidence was constitutionally insufficient to support a finding that the statements referred to respondent.

*New York Times Co. v. Sullivan*, 376 U.S. 254, 291-92, 84 S. Ct. 710 (1964) (footnotes omitted).

It would appear that after this holding in *New York Times Co. v. Sullivan*, the "small group theory" cannot be constitutionally utilized to prove the "of or concerning" element of a defamation action if the defamatory statement is directed at a government or governmental agency no matter what its size. Although there is no case in Virginia directly on point, it has long been held in numerous other jurisdictions that police officers are considered a "public

official" and subjected to the higher constitutional standard imposed in defamation actions by *New York Times Co. v. Sullivan, supra. See, e.g., McKinley v. Baden*, 777 F.2d 1017 (5th Cir. 1985) (citing *e.g. Time, Inc. v. Pape*, 401 U.S. 279, 284, 91 S. Ct. 633, 636, 28 L. Ed. 2d 45 (1971); *St. Amant v. Thompson*, 390 U.S. 727, 730, 88 S. Ct. 1323, 1325, 20 L. Ed. 2d 262 (1968); *Gray v. Udevitz*, 656 F.2d 588, 591 (10th Cir. 1981)); *see also* T. E. Spahn, *The Law of Defamation in Virginia*, 45 (1999) ("Courts almost always consider police officers as public officials")). It is this Court's conclusion that police officers such as the Plaintiff in this case are "public officials" who must meet the elevated standard set down by *New York Times Co. v. Sullivan, supra*.

It is true in this case that the Elkton police force has only five to eight officers and many of the citizens of Elkton would unquestionably understand that some or all of the alleged defamatory remarks to apply to Plaintiff. However, merely because the Elkton police force is small gives the Plaintiff no more right to sue for criticism of a governmental department than police officers who serve in larger police forces such as those in Richmond, Norfolk, Fairfax, etc. Put another way, the Plaintiff in this action has a right to berate his police force — no matter how intemperate, insidious, and untruthful the attacks may be and no matter how much malice he might have in his heart — that is constitutionally equal to that of citizens of larger communities to similarly berate their government and government agencies. No matter how vitriolic and baseless is an attack on the government, it cannot give rise to a defamation action without doing irreparable violence to political and philosophical debate.

Under normal circumstances, the issue presented by the "of or concerning" standard is a factual determination left to the jury. *See e.g. Gazette v. Harris*, 229 Va. 1, 37-38, 325 S.E.2d 713, *cert. denied*, 472 U.S. 1032, 473 U.S. 905 (1985). However, after *New York Times Co. v. Sullivan, supra*, this Court interprets the law to preclude constitutionally any use of the "small group theory" to prove an alleged defamation of a public official when the defamation refers to a government, a government agency, or a governmental department. Therefore, there is no issue for the jury to decide, and as a matter of law the Motion for Judgment does not state a constitutionally permissible cause of action.

This is not to say that a defamation action can never be brought by a public official. Obviously, if a defamation names or refers by direct implication to a specific individual who is a governmental official that individual would have a viable cause of action subject to the normal rules of "constitutional malice" set forth in *New York Times Co. v. Sullivan, supra*.

However, there is no place in our jurisprudence for the use of a "small group theory" to make what is an attack on the government into a private cause of action by a public official.

Interestingly, other cases post-*New York Times Co. v. Sullivan* which have dealt with criticisms of police forces — large and small — have held that the "small group theory" could not be utilized by a police chief or a police officer to turn attacks on the "Police Department" into a defamation action by one or more members of the force. *See e.g. Fornshill v. Ruddy*, 891 F. Supp. 1062 (D. Md. 1995); *Edgartown Police Patrolmen's Assn. v. Johnson*, 522 F. Supp. 1149 (D. Mass. 1981). Therefore, the demurrer is sustained as to all allegations in the Motion for Judgment except for the averment contained in Exhibit 1 of Plaintiff's Motion for Judgment which states:

> While the meeting was in progress, Dearing claims that police Sgt. Donald Dean was at the town shop having maintenance employees destroy weapons, some of which Dearing believes should have been returned to the owners.

Plaintiff's Motion for Judgment, Exhibit 1, *Valley Banner*, February 18, 1999.

It is clear that the only statement, quoted *supra*, in which the Plaintiff, Donald A. Dean, Jr., is actually named by the Defendant, Mr. Dearing, meets the "of or concerning" test. However, it is the proper role of this Court to determine as a matter of law whether a statement may reasonably sustain a defamatory meaning. *See Perk v. Vector Resources Group, Ltd.*, 253 Va. 310, 316-17, 485 S.E.2d 140, 143-44 (1997). "In considering whether the statement carries such a meaning, this Court must view the alleged defamatory statement in context, within the surrounding facts and circumstances . . . taken into consideration, and the whole case . . . looked at in the light of its own particular facts." *See Zayre of Va., Inc. v. Gowdy*, 207 Va. 47, 50 (1966); *see also Richmond Newspapers, Inc. v. Lipscomb*, 234 Va. 277, 297-98 (1987). In order for a statement to be defamatory, it must meet two requirements. First, those receiving the statement must accept it as possibly true. *See Corr v. Lewis*, 94 Va. 24, 26 S.E. 385 (1896). Secondly, the words used must be defamatory. "Defamatory words are those that 'make the plaintiff appear odious, infamous, or ridiculous.' . . . Merely offensive or unpleasant statements are not defamatory." *See Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993); *see also Mosely v. Moss*, 47 Va. (6 Gratt.) 534, 538 (1850). The statement by Mr. M. Lee Dearing concerning Donald A. Dean, Jr., could be accepted as possibly true by those receiving it. However, the statement fails to meet the second requirement, that is, it does not make the

plaintiff appear odious, infamous, or ridiculous. In fact, the statement is rather innocuous in its implication and simply states an opinion of its speaker, Mayor M. Lee Dearing, that some of the guns being destroyed "should have been returned to their owners." It is well-established in Virginia that "pure expressions of opinion are protected by both the First Amendment to the Federal Constitution and Article 1, Section 12, of the Constitution of Virginia and, therefore, cannot for the basis of a defamation action. . . ." *See Williams v. Garraghty*, 249 Va. 224, 233, 455 S.E.2d 209, 215, *cert. denied*, 516 U.S. 814 (1995).

For the foregoing reasons, the Court finds that the Plaintiff's defamation claim is not actionable as a matter of law.

The Defendant's Demurrer is sustained and the Plaintiff's Motion for Judgment is dismissed. Because the Court disposes of the Plaintiff's defamation claim on the above grounds, the Court does not reach the sovereign immunity and various privilege defenses raised by the Defendant.

The Clerk of the Court is directed to send certified copies of this Opinion and Order to William W. Helsley, Esquire, Co-Counsel for the Plaintiff; A. Gene Hart, Jr., Esquire, Co-Counsel for the Plaintiff; and David P. Corrigan, Esquire, Counsel for the Defendant.