**BROWNE BROTHERS CYPEN COR-PORATION, Plaintiff,**

v.

**CARNER BANK OF MIAMI BEACH, FLORIDA, Jack Carner, Steven Carner and Robert D. Lang, individually and respectively as Chairman of the Board, President, and First Vice President of said Bank, Defendants.**

No. 68 Civ. 1792.

United States District Court
S. D. New York.

Aug. 6, 1968.

Samuel Bierman, New York City, for plaintiff.

McCarthy & Nathanson, New York City, by Isadore Nathanson, New York City, for defendants.

POLLACK, District Judge.

The plaintiff moves to remand this action to the New York State Supreme Court from whence it was removed. The plaintiff claims that the petition was defective in two respects, namely: that on its face it does not purport to be the petition of the proper persons and is not signed by a party or anyone identified as petitioning on behalf of a party; further, that the petition does not explain why all of the named defendants failed to join in the application to remove the suit to this Court.

The defendant Carner Bank of Miami Beach, Florida, (hereafter Carner Bank) asserts that the petition for removal was made by it and on its behalf by its attorney and that the defects asserted by the plaintiff are mere amendable irregularities in a situation where the federal jurisdiction is not doubtful and the de-

fendant requests leave to amend accordingly if the removal papers so require.

A motion to remand an action removed to this Court searches the record and if the record as a whole supplies the facts entitling the removal, it will be held sufficient. It would exalt form over substance if a clerical mistake or omission were to result in a remand of the suit where the federal jurisdiction is not doubtful. It may well be that a plaintiff may move to remand for procedural irregularities in the removal but, in general, such defects if they do not lead to doubt of federal jurisdiction are curable. An exception to the foregoing is that the existence of a federal question seemingly must appear from a well pleaded complaint and may not be derived from the answer.

The record as a whole shows the following.

The plaintiff, a domestic corporation, before service of the summons, obtained an attachment of property of the non-resident defendant Carner Bank pursuant to an order of the State Court entered on April 10, 1968. The affidavit in support of the attachment was made by the Chairman of plaintiff's board of directors and recited that he as well as the plaintiff maintains an office and place of business in Miami Beach and that both are depositors in the Carner Bank. He further stated positively that the named individual defendants who are officers and stockholders of the Bank are non-residents of New York and actually reside and are located in Florida and that the Carner Bank is licensed and maintains its banking operations outside New York State and in Miami Beach.

The plaintiff bought a $30,000 promissory note made by Empco, of Jacksonville, Inc. for $10,000 from Carner Bank, receiving therewith the collateral securing the note, 2,000 shares of stock of Central National Bank of Jacksonville. Plaintiff sued to recover the $10,000 together with, a minimum profit of $4,000 guaranteed to it by defendants plus $3,500 for interest, investigation fees, expenses, disbursements and attorneys' fees in connection with "the foregoing venture". Plaintiff claimed fraud, misrepresentation and breach of warranty.

The plaintiff had been employed by the Carner Bank to help it liquidate "sour loans" involving stock collateral and these salvage operations led to the transaction in suit which carried the understanding that anything salvaged in excess of $14,000 was to be shared 50/50 between plaintiff and defendant Carner Bank. It developed that salvage was not realized. Mutual friends of the parties allegedly assured plaintiff that Carner Bank would repay the plaintiff the purchase price of and guaranteed profit on the note.

The complaint also contains a claim for $585 representing an alleged unnecessary expenditure by plaintiff for documentary stamps in connection with a $350,000 loan taken by the plaintiff from the Carner Bank which plaintiff repaid.

The order of attachment was served on Franklin National Bank in New York City which holds a deposit belonging to Carner Bank. The summons and complaint were served on Carner Bank in Florida by a Florida resident on April 15, 1968 and proof of this service was filed in the New York County Clerk's Office on April 22, 1968; Carner Bank was served a second time with a copy of the summons and complaint on April 23, 1968 by a Deputy Constable of Dade County and proof thereof was filed on April 30, 1968. No other defendant was served or appeared in the action.

On May 2, 1968, a petition was filed in the New York County Clerk's Office for removal of the action to this court. That petition adequately establishes the facts of federal jurisdiction over this cause; it recites diversity and requisite amount in controversy. Its sufficiency is now attacked on the ground that the petitioner was not identified as one of

the named defendants and no explanation is contained therein to indicate why all defendants named did not join in the petition.

The record discloses that the law firm of McCarthy & Nathanson subscribed the papers for removal as "Attorneys for Petitioner". The petition is made by Isadore Nathanson. It recites that "Defendant, Carner Bank, filed herewith a [removal] bond * * * as provided by Title 28, United States Code, Sec. 1446(d)." It further shows by the verification that "Isadore Nathanson is a member of the firm of McCarthy & Nathanson, attorneys for the petitioner herein;" * * *.

Also on May 2, 1968 McCarthy & Nathanson as attorneys for Carner Bank of Miami Beach gave written notice to the attorney for the plaintiff that a verified petition for removal of this action to this Court together with bond for removal were filed that date in this court and copies of the petition and bond were annexed to a copy of such notice, the original of which was filed with the Clerk of this Court.

On May 15, 1968, well within the time therefor, (New York CPLR § 3012; Rule 81(c) F.R.Civ.P.), a copy of the Answer to the complaint was served by "McCarthy & Nathanson [as] Attorneys for Deft. Carner Bank" on the plaintiff's attorney and the original of the Answer was filed in this court on May 16, 1968 with the proof of service endorsed thereon. The Answer expressly recites that "Defendant Carner Bank of Miami Beach, Florida, by its attorneys McCarthy & Nathanson, Esqs., answering the complaint herein, respectfully alleges as follows:"

It would be unreasonable on these facts to hold as a matter of law that the petition on the whole of the record was not the petition of Carner Bank.

A petition may be signed by an attorney-at-law where as here it affirmatively appears on the face of the record of the removal, that the person signing the petition was in fact the attorney for the party seeking removal. See, Nelson v. Peter Kiewit Sons' Co., 130 F.Supp. 59 (D.C.N.J.1955); Wormser v. Dahlman, Fed.Cas.No.18,048, 57 How.Pr. 286 (C.C.N.Y.1879).

The only defendant served with process herein was Carner Bank. It was thus unnecessary for any other defendant to join in the petition for removal. Pullman Co. v. Jenkins, 305 U.S. 534, 540–541, 59 S.Ct. 347, 83 L.Ed. 334 (1939). Moreover, the plaintiff itself showed that the individual defendants were residents of Florida and no grounds for personal jurisdiction over them in New York were alleged in the complaint. The record thus explains sufficiently why the individual defendants were not parties to the removal petition and as residents of Florida, that their presence in the suit would not disturb diversity jurisdiction. 28 U.S.C. § 1441(b).

Accordingly, it is held that the facts entitling removal sufficiently appear from the record as a whole; that the petition for removal may be supplemented by a search of the record for matter not going to federal jurisdiction; that the defects cited by the plaintiff are not jurisdictional but are mere irregularities which are curable, cf. Rule 60, F.R.Civ.P.; 28 U.S.C.A. § 1653, n. 18; McGuigan v. Roberts, 170 F.Supp. 372 (S.D.N.Y.1959); and although possibly superfluous, that an amendment may be filed directly correcting the two matters complained of as defects and the motion to amend is granted therefor; and that the motion to remand is denied.

So ordered.