## CIRCUIT COURT OF FAIRFAX COUNTY

Coughlan

v.

Jim McKay Chevrolet Inc., et al.

November 13, 1989

Case No. (Law) 90760

By JUDGE MICHAEL P. McWEENY

This matter comes before the Court upon Defendant Mark Sonn's Demurrer to Plaintiff's Causes of Action for False Arrest and Imprisonment, Malicious Prosecution, and two claims actionable under 42 U.S.C. § 1983 for denial of due process. Following oral argument on October 27, 1989, the Court granted Defendant Sonn time to file a supplemental memorandum in support of his motion. The Court has received the supplemental material and now has had time to review all memoranda submitted. For the reasons set forth below, Defendant's Demurrer is overruled with respect to the malicious prosecution cause of action; as to the false arrest and imprisonment claim and the claims under 42 U.S.C. § 1983, the Demurrer is sustained.

In pleading false arrest and imprisonment, Plaintiff has set forth a single cause of action that results from the arrest of a person without a valid warrant. *Sands v. Norvell*, 126 Va. 384, 400 (1919); *Kress v. Roberts*, 142 Va. 71 (1925); *Motley v. Virginia Hardware & Mfg. Co.*, 287 F. Supp. 700 (W.D. Va. 1968). The common law tort of false imprisonment is also referred to as false arrest. Stating a claim for false imprisonment requires an allega-

tion that the process which resulted in the arrest was not lawful. *Motley, Id.* at 792. Although Plaintiff avers that "the warrant of arrest was issued without probable cause," there is no allegation that it was not regular and legal as to form. Accordingly, a warrant "regular on its face" does not give rise to a cause of action for false imprisonment "even though the warrant was procured . . . without probable cause . . . ." *Motley, Id.*

The Court notes that unlike an action for false imprisonment, the lack of probable cause if an essential element in an action for malicious prosecution. *Sands,* 126 Va. at 399. To prevail in an action for malicious prosecution, the plaintiff must allege and prove that the defendant initiated prosecution maliciously, without probable cause, and the results were not unfavorable to the plaintiff. *Niese v. Klos,* 216 Va. 701 (1976). In reviewing Plaintiff's allegations, the Court finds that although awkwardly drafted, they sufficiently allege the necessary elements to state a claim for malicious prosecution.

Under 42 U.S.C. § 1983, the right of action is granted for deprivation of due process by one acting under color of state or local law. Accordingly, the Plaintiff must show sufficient "state action" to establish a constitutional violation. See *Lugar v. Edmondson Oil Company, Inc.,* 457 U.S. 922 (1982). Under the two part test for determining the existence of state action announced in *Lugar,* the second prong requires that the person charged with the deprivation must be "a person who may fairly be said to be a state actor." *Id.* at 937.

Plaintiff has alleged that Defendant Sonn acted as the agent of and at the direction of Jim McKay Chevrolet and Larry McKay in causing the issuance of an arrest warrant. The Court finds that Plaintiff has failed to allege sufficient facts to establish Defendant Sonn as a state actor. As a private individual, Defendant Sonn's conduct is not actionable under § 1983.