# CIRCUIT COURT OF THE CITY OF RICHMOND

Christopher Wayne Smith

   v.

Marjorie Button

September 24, 1997

Case No. ML-4566

BY JUDGE JAMES B. WILKINSON

On June 17, 1995, the defendant, Marjorie Button, was robbed at gunpoint while working at the Red Carpet Inn in Richmond, Virginia. Ms. Button told the police that she had been robed by the plaintiff, Christopher Smith, who had been a guest at the hotel the evening prior to the robbery. Mr. Smith was arrested on June 23, 1995, and was charged with robbery and the use of a firearm in the commission of a robbery. Mr. Smith was incarcerated in the Henrico County Jail where he was held, being unable to make bond until November 17, 1995.

At the preliminary hearing, Ms. Button identified Mr. Smith as the person who robbed her. While Mr. Smith remained incarcerated and was awaiting trial, another individual was arrested on unrelated robbery charges and confessed to having committed the June 17, 1995, robbery of the Red Carpet Inn. Subsequently, Mr. Smith was released, and the charges against him were *nolle prosequi.*

The plaintiff filed suit against the defendant for $500,000.00 for compensatory damages and $500,000.00 for punitive damages. Count One of Plaintiff's Motion for Judgment is a claim of slander for the defendant's statements which falsely accused the plaintiff of committing the robbery. Count Two of Plaintiff's Motion for Judgment is a claim of false arrest and

imprisonment of the plaintiff caused by the defendant's falsely accusing the plaintiff of committing the robbery.

Defendant filed a Motion for Summary Judgment against the plaintiff for both counts. Defendant argues that the plaintiff's allegations made in Plaintiff's Motion for Judgment are insufficient as a matter of law to support a claim of defamation. Alternatively, the defendant claims the defendant's statements made to a court are absolutely privileged and the defendant's statements made to a Commonwealth's Attorney and Henrico County Police are qualifiedly privileged. The defendant claims the plaintiff was lawfully arrested, and such lawful arrest bars the plaintiff's claim of false arrest and imprisonment.

## Issues

(1) Whether the defendant should be granted summary judgment against the plaintiff on the claim of slander based on failure to state sufficient facts upon which relief can be granted.

(2) Whether the defendant's statements identifying the plaintiff as the robber made to a court, a Commonwealth's Attorney, and Henrico County Police are absolutely privileged or, alternatively, qualifiedly privileged.

(3) Whether the defendant should be granted summary judgment against the plaintiff on the claim of false arrest and imprisonment.

## Discussion

### Issue One

Defendant moves for summary judgment against the plaintiff's claim of slander arguing that the allegations and the facts pleaded in Count One of Plaintiff's Motion for Judgment are insufficient as a matter of law to support a claim. In an action at law, "the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer." Va. Code § 8.01-273(A). The purpose of a demurrer is to test "the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action." *Fun v. Virginia Military Institute*, 245 Va. 249, 252, 427 S.E.2d 181 (1993). Defendant's Motion for Summary Judgment claiming the allegations and facts pleaded in Count One of Plaintiff's Motion for Judgment is improper for summary judgment and, thus, is overruled.

## Issue Two

Slander *per se* is a published defamatory statement where words are "falsely spoken of a person which impute to the party the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished." *M. Rosenberg & Sons v. Craft*, 182 Va. 512, 518, 29 S.E.2d 375 (1944). *See also Food Lion, Inc. v. Melton*, 250 Va. 144, 150, 458 S.E.2d 580 (1995); *Great Coastal Express, Inc. v. Ellington*, 230 Va. 142, 146, 334 S.E.2d 846 (1985). The defense of absolute privilege may bar a claim of slander. It is well established in Virginia that "words spoken or written in a judicial proceeding that are relevant and pertinent to the matter under inquiry are absolutely privileged." *Darnell v. Davis*, 190 Va. 701, 707, 58 S.E.2d 68 (1950) (cites omitted).

A "judicial proceeding" is "not restricted to trials of civil actions or indictments, but it includes every proceeding before a competent court or magistrate in the due course of law or the administration of justice which is to result in any determination or action of such court or officer." *Darnell*, 190 Va. at 707 (citing 53 C.J.S., *Libel and Slander*, § 104). The rule of absolute privilege extends to third party statements made during a judicial proceeding, and civil liability may not be imposed upon the originator of such statements. *Watt v. McKelvie*, 219 Va. 645, 651, 248 S.E.2d 826 (1978). The public's interest is furthered when an individual is allowed to participate in a lawsuit with the freedom to speak freely and fully on relevant issues in controversy. *Id.*

Mr. Smith alleges Ms. Button is liable for slander for the words spoken by Ms. Button when she identified him as the robber during a preliminary hearing in a courtroom full of people. A situation where a witness is speaking to a judge in the presence of third parties in the courtroom cannot be treated the same as a situation such as *Food Lion, Inc.*, where the plaintiff was accused of shoplifting in the presence of customers entering and exiting the store. Even though third parties may have heard and understood Ms. Button's statements, such statements made to a judge during a preliminary hearing are made during a judicial proceeding.

The Court holds that the defendant's statements during the judicial proceeding are absolutely privileged. To hold otherwise would have a chilling effect on a citizen's duty to report a crime and would inhibit a full and complete investigation of the facts. Defendant's Motion for Summary Judgment is granted in favor of the defendant against the plaintiff for the claim of slander regarding the defendant's statements made during a judicial proceeding.

The defense of qualified privilege may also bar a claim of slander. It is the Court's duty to determine whether the qualified privilege exists and to so instruct the jury. *Watt*, 219 Va. at 651. "A communication, made in good faith, on a subject matter in which the person communicating has an interest, or owes a duty, legal, moral, or social, is qualifiedly privileged if made to a person having a corresponding interest or duty." *Taylor v. Grace*, 166 Va. 138, 144, 184 S.E. 211 (1936). *See also Great Coastal Express, Inc.*, 230 Va. at 153.

Ms. Button had both an interest and a duty to communicate the identity of the assailant who she, in good faith, believed robbed her while working at the Red Roof Inn. Likewise, both the Henrico Police and the Commonwealth's Attorney had a corresponding interest and duty to determine the identity of the robber. The Court holds that the statements identifying Mr. Smith as the robber made by Ms. Button to the Henrico County Police and a Commonwealth's Attorney are qualifiedly privileged.

A qualified privilege may be lost if the plaintiff proves malice by clear and convincing evidence. *Great Coastal Express, Inc.*, 230 Va. at 154. In Virginia, proof of either *New York Times* malice or common law malice will defeat the defendant's qualified privilege. *Id.* (citing *New York Times v. Sullivan*, 376 U.S. 254 (1964)). This is the same burden of proving malice as required for the recovery of punitive damages.

The plaintiff and the defendant openly disagree as to whether malice exists in the case at bar. This is a material fact genuinely in dispute between the parties and is to be decided by the jury. Defendant's Motion for Summary Judgment is overruled as to the plaintiff's claim of slander for statements made by the defendant to the Henrico County Police and a Commonwealth's Attorney.

### Issue Three

False imprisonment is the "restraint of one's liberty without any sufficient legal excuse therefor by word or acts, which he fears to disregard, and neither malice, ill will, nor the slightest wrongful intention is necessary to constitute the offense." *Montgomery Ward & Co. v. Wickline*, 188 Va. 485, 489, 50 S.E.2d 387 (1948). The tort claim of false imprisonment is also commonly referred to as false arrest. *Coughlan v. Jim McKay Chevrolet, Inc.*, 18 Va. Cir. 265 (1989). The claims of false imprisonment and false arrest are distinguishable in terminology only, the difference being the manner in which they arise. A person may be falsely imprisoned by another without being arrested, but a person falsely arrested is concurrently falsely imprisoned. *See*

98 A.L.R. 3d, *False Imprisonment*, § 2. "[A]n unlawful arrest may give rise to a cause of action for either false arrest or imprisonment or both." *Motley v. Virginia Hardware & Mfg. Co.*, 287 F. Supp. 700, 792 (W.D. Va. 1968). Thus, the central element in a false imprisonment action "is the illegal detention of the person, without lawful process or the unlawful execution of lawful process." *Montgomery Ward & Co.*, 188 Va. at 489. *See also Coughlan*, 18 Va. Cir. at 265.

A party who actively instigates, directs, or procures the unlawful arrest of a person is liable for false imprisonment. *Winters v. Campbell*, 148 W. Va. 710, 137 S.E.2d 188 (1964). The issue of what constitutes direction or instigation by a private citizen is case specific. There are no rules established to determine what acts constitute the instigation of an arrest; each case is to be decided on its particular facts and the inferences to be drawn therefrom. 35 C.J.S., *False Imprisonment*, § 38. Where the plaintiff is falsely arrested because of a mistaken identification made by the defendant, the defendant's liability for false imprisonment is a question for the jury. 21 A.L.R. 2d, *False Arrest*, § 27.

The issue of whether the defendant was the cause of the plaintiff's false arrest and false imprisonment depends upon whether the defendant had reasonable ground for procuring the arrest. *Id.* This is a question of fact as to whether there was "reasonable ground for doing so as would justify a person of average prudence in doing so." *Id.* This standard recognizes that the defendant has responsibility for the arrest and requires justification for the arrest as though made by herself. Thus, the defendant's liability for false imprisonment depends on the common-law issue of whether she had reasonable ground for believing the plaintiff was guilty of the felony. *Id.*

The plaintiff bears the burden of establishing that the defendant made a false statement which induced the police to execute the involuntary commitment of the plaintiff. 98 A.L.R. 3d, *False Imprisonment*, § 4. If a complaint is simply made before a magistrate with jurisdiction to issue the warrant and the defendant does not participate in the resulting illegal arrest, the defendant is not liable for false imprisonment caused by a subsequent error of the magistrate, or the clerk, or the officer. 21 A.L.R. 2d, *False Arrest*, § 23. The mere giving of wrong information which leads to a false arrest does not necessarily mean a defendant "directed, advised, countenanced, encouraged, or instigated" the arrest. *Id.* Identifying words such as "This is him" is not in and of itself sufficient "participation" to render a defendant liable for false imprisonment. 21 A.L.R. 2d, *False Arrest*, § 7 (citing *Elliott v. Winkenweder*, 51 D.L.R. 716 (1920)). Furthermore, where a defendant merely reports to an officer what was seen and an officer subsequently falsely arrests and

imprisons the identified person following an investigation, the false arrest and false imprisonment is the act of the officer and not the direction of the informant. 98 A.L.R. 3d, *False Imprisonment*, §4 (citing *Crescent Amusement Co. v. Scott*, 40 So. 2d 882 (1949)). *See also* 21 A.L.R. 2d, *False Arrest*, §27. The distinction is made between merely giving information and allowing the officers to take what action they deem proper and giving information accompanied with direction or pressure on the officers to prosecute. *Id.*

In the case at bar, the plaintiff alleges that the defendant's conduct resulted in the plaintiff's wrongful arrest. (Pl.'s Mot. for J., ¶ 14). "Wrongful" is defined as "inequitable" and "unlawful." *Ballentine's Law Dictionary* 1382 (3d ed. 1969). Defendant admits in Defendant's Grounds of Defense that her conduct "resulted in the wrongful arrest" of the plaintiff. (Def.'s Grounds of Defense, ¶ 14). The defendant concedes a second time that the plaintiff was unlawfully arrested, for the purpose of the summary judgment motion only, by stating "as true all facts as set forth in the plaintiff's motion for judgment." (Def.'s Mot. for Summ. J., ¶ 3).

Plaintiff also alleges he was incarcerated as a "direct, proximate, and foreseeable result of the false arrest and imprisonment" caused by the defendant. (Pl.'s Mot. for J., ¶ 15). Defendant denies this allegation. (Def.'s Grounds of Defense, ¶ 15). This is a material fact genuinely in dispute whether the defendant caused the false arrest which resulted in the false imprisonment of the plaintiff.

The defendant has admitted that the plaintiff was unlawfully arrested. A material fact is genuinely in dispute as to whether the defendant caused the plaintiff's false arrest and false imprisonment. Defendant's Motion for Summary Judgment is overruled as to the claim of false imprisonment.

## Conclusion

Defendant's Motion for Summary Judgment claiming that the allegations and facts pleaded on Count One of Plaintiff's Motion for Judgment are insufficient to state a claim is improper for summary judgment and, thus, is overruled.

The Court holds that the defendant's statements made during a judicial proceeding are absolutely privileged. Defendant's Motion for Summary Judgment is granted in favor of the defendant against the plaintiff for the claim of slander regarding the statements made by the defendant during a judicial proceeding.

The Court holds that the defendant's statements identifying Mr. Smith as the robber made to the Henrico County Police and a Commonwealth's Attorney are qualifiedly privileged. However, a qualified privilege may be lost if malice is proven by the plaintiff. The material fact as to whether malice exists is genuinely in dispute between the parties. Defendant's Motion for Summary Judgment is overruled as to the plaintiff's claim of slander for the defendant's statements made to the Henrico County Police and a Commonwealth's Attorney.

The defendant has admitted that the plaintiff was unlawfully arrested, and the plaintiff and the defendant genuinely dispute as to whether the defendant caused the plaintiff's false arrest and false imprisonment. Defendant's Motion for Summary Judgment is overruled as to the plaintiff's claim of false imprisonment.