Present:  All the Justices

DAVID S. HUDSON

v.   Record No. 971006   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                  February 27, 1998
CHRISTOPHER M. LANIER, ET AL.

            FROM THE CIRCUIT COURT OF SURRY COUNTY
            Robert G. O'Hara, Jr., Judge Designate

     The primary issue in this appeal is whether the trial court erred in ruling that a plaintiff in a malicious prosecution action failed to prove the element of malice.

     We state the evidence in the light most favorable to Frances D. Lanier and Christopher M. Lanier, the prevailing parties in the trial court.  Horton v. Horton, 254 Va. 111, 115, 487 S.E.2d 200, 203 (1997); Tuomola v. Regent Univ., 252 Va. 368, 375, 477 S.E.2d 501, 505 (1996).  On September 3, 1989, Allyson Hudson, the daughter of David S. Hudson, was severely injured when a tree fell on her while she was playing at the Surry County home of her maternal grandparents, Joseph S. Lanier, Sr., and Frances D. Lanier.  The day after the incident, Frances and her son, Christopher M. Lanier, went to Hudson's home, where Hudson informed them that he was planning to sue the elder Laniers to recover damages for Allyson's injuries.  Hudson asked Frances and Christopher to leave his home and called the "county sheriff" when they failed to leave.  When the "sheriff's

car" entered the driveway, Frances and Christopher left the house.

Five days later, Hudson went to the home of Joseph and Frances to take photographs of the area where Allyson was injured. Joseph and Frances were not home at the time, but Christopher was present. Although Christopher asked Hudson to leave, Hudson remained on the Laniers' property. Christopher then called his parents to inform them that Hudson was on their property. Christopher spoke with Frances, who asked that he again tell Hudson to leave the premises.

As instructed by his mother, Christopher again told Hudson to leave the property. Hudson left the Laniers' property at that time, but he continued to take photographs from an adjacent property. Christopher then asked Hudson to leave the neighbor's property, and Hudson responded, "This is not your property." Hudson cursed Christopher and made an obscene gesture before leaving the adjacent property.

Shortly thereafter, Christopher, under instructions from Frances, initiated a criminal complaint against Hudson for trespass on the Laniers' property. A warrant for Hudson's arrest, alleging trespass in violation of Code § 18.2-119, was issued. Five days later, Christopher initiated another criminal complaint against Hudson for "curse and abuse," in violation of Code § 18.2-416. An arrest warrant later was issued against

Hudson on this charge.  Hudson was tried and acquitted on both charges.

Hudson filed a motion for judgment against Frances and Christopher alleging malicious prosecution.  At a bench trial, Frances testified that she asked Christopher to obtain an arrest warrant for trespass because the "situation had gotten hostile." Frances also stated, "We could see we had to have somebody settle it.  We had to have a judge decide it."  Frances explained that she was concerned because she thought that Hudson was harassing the family and "bad things happen when people have tempers."

Christopher testified that he initiated the criminal complaint for trespass because he wanted an independent party to settle the family's problem, and he wished to see "justice be done."  Christopher also explained that he initiated the complaint for "curse and abuse" because he thought that, at trial on the trespass charge, he would be asked why he had not taken any action in response to Hudson's cursing.

At the conclusion of the evidence, the trial court held that Hudson failed to prove the element of malice by a preponderance of the evidence.  Based on this ruling, the court did not reach a determination whether there was probable cause to support the criminal charges.  The court later entered an order dismissing the action with prejudice.

Hudson contends that the trial court erred in ruling that he failed to prove the element of malice. He asserts that the evidence showed that Frances and Christopher initiated the criminal complaints against him for reasons other than a desire to see justice done.[*]

In response, Frances and Christopher argue that Hudson failed to meet his burden of proving that their controlling motive in initiating the criminal complaints was improper. They also argue that there was ample evidence showing that their actions were not motivated by malice, but were based on a desire to resolve the hostilities among the parties.

In an action for malicious prosecution, the plaintiff bears the burden of proving by a preponderance of the evidence that the prosecution was (1) malicious; (2) instituted by, or with the cooperation of, the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff. Lee v. Southland Corp., 219 Va. 23, 26, 244 S.E.2d 756, 758 (1978); Bain v. Phillips, 217 Va. 387, 393, 228 S.E.2d 576, 581 (1976); Gaut v. Pyles, 212 Va. 39, 41, 181 S.E.2d 645, 646-47 (1971). In the context of a malicious prosecution action,

---

[*] Hudson also argues that the trial court erred in questioning a witness concerning the witness' religious beliefs and practices. We do not consider this assignment of error, however, because Hudson failed to object to the trial court's questioning of the witness or to the content of the questions. Rule 5:25.

malice is defined as any controlling motive other than a good faith desire to further the ends of justice, enforce obedience to the criminal laws, suppress crime, or see that the guilty are punished. Freezer v. Miller, 163 Va. 180, 206, 176 S.E. 159, 169 (1934).

The existence of malice is generally a question to be resolved by the fact finder from all the circumstances in the case. Lee, 219 Va. at 27, 244 S.E.2d at 759; Gaut, 212 Va. at 42, 181 S.E.2d at 647; see Freezer, 163 Va. at 208, 176 S.E. at 170. We review the sufficiency of the evidence of malice, and the trial court's judgment that Hudson failed to meet his burden of proof on this issue, under the established principle that the trial court's judgment will be upheld unless it is plainly wrong or without evidence to support it. Board of Supervisors v. Omni Homes, Inc., 253 Va. 59, 65, 481 S.E.2d 460, 463, cert. denied, ___ U.S. ___, 118 S.Ct. 58 (1997); Tuomala, 252 Va. at 375, 477 S.E.2d at 506. Applying this standard, we conclude that the evidence supports the trial court's judgment that Hudson failed to prove that either defendant acted with malice in initiating the prosecutions.

The testimony of both Frances and Christopher supports this determination. As stated above, both testified that they were concerned that Hudson's conduct had escalated existing family hostilities, and that the intervention of a neutral party was

5

necessary to prevent further confrontations from occurring. Christopher also stated that he wanted to see "justice be done."

While Frances testified that she did not want Hudson to gather evidence on the property to use against her in a lawsuit, the balance of the testimony supports the court's implicit finding that this concern was not the controlling motive for initiating the criminal complaints.  Thus, the record supports a conclusion that Hudson failed to prove that either Frances or Christopher had a controlling motive other than to "further the ends of justice, enforce obedience to the criminal laws, suppress crime, or see that the guilty are punished."  Freezer, 163 Va. at 206, 176 S.E. at 169.

Hudson argues, nevertheless, that the trial court's judgment must be reversed because the court applied an erroneous principle of law.  When explaining his decision to the parties, the court stated, "I'm unable to find a requisite malice between members of a family."  Hudson contends that this statement indicates that the court believed that family members are legally incapable of acting with malice toward one another.

We disagree with Hudson's contention that the trial court's comment requires reversal of this case.  While the court's comment is not clear on its face, the substance of such a comment is not relevant to our examination of the sufficiency of the evidence of malice.

6

For these reasons, we will affirm the trial court's judgment.

<u>Affirmed.</u>