**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CATE JENKINS,
<u>Plaintiff-Appellant,</u>

v.

WANDA LEBLEU LEVINE,

No. 98-1905

<u>Defendant-Appellee,</u>

MAXIMO DIAZ; THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY,
<u>Parties in Interest.</u>

CATE JENKINS,
<u>Plaintiff-Appellee,</u>

v.

WANDA LEBLEU LEVINE,

No. 98-1951

<u>Defendant-Appellant,</u>

MAXIMO DIAZ; THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY,
<u>Parties in Interest.</u>

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-97-3250-AW)

Submitted: May 28, 1999

Decided: June 29, 1999

Before MURNAGHAN and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

No. 98-1905 affirmed and No. 98-1951 dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Athan T. Tsimpedes, MCFADDEN, SHOREMAN & TSIMPEDES, P.C., Washington, D.C., for Appellant. Neil D. Intrater, Silver Spring, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In No. 98-1905, Cate Jenkins appeals from the district court's order granting summary judgment to Wanda Levine in a diversity action alleging malicious prosecution. In No. 98-1951, Levine appeals the district court's order dismissing her counterclaim for assault and intentional infliction of emotional distress. We affirm the district court's decision in No. 98-1905 and dismiss No. 98-1951.

I

Jenkins and Levine are employed by the Environmental Protection Agency in Crystal City, Virginia. Her coworkers know that Jenkins suffers from allergies and is unusually sensitive to many odors. Similarly, coworkers know that Levine has what she describes as a "phobia" of fish.

On October 3, 1996, Levine was talking to a coworker who occupies the cubicle next to Jenkins'. Levine was wearing strong perfume which was offensive to Jenkins, who previously had complained

2

about the perfume to Levine. In an effort to have Levine leave the area, Jenkins removed a package of dried fish from her desk drawer and showed it to Levine. Levine began backing up, shouting obscenities. A supervisor exited his office, told the women that their conduct was unprofessional, and broke up the confrontation. Levine allegedly became ill following this incident.

On October 7, Levine called the police to report the incident. Because the officer who responded did not know if Jenkins' behavior was criminal, she contacted a magistrate. At the magistrate's direction, the officer drove Levine to the magistrate's office. It is uncontroverted that Levine told the magistrate that Jenkins began victimizing her in 1992 and that the behavior had escalated since then, culminating in the events of October 3. It is equally uncontroverted that Levine never asked that Jenkins be arrested, nor did she use the term "stalking" when describing the situation to the magistrate.

The magistrate concluded that Jenkins' behavior constituted the crime of stalking. He issued a warrant for Jenkins' arrest. Jenkins was arrested at work on October 7. The charge ultimately was nolle prossed.

Jenkins filed this diversity action, alleging malicious prosecution, false light, libel, and intentional infliction of emotional distress. Levine answered and counterclaimed, alleging assault and intentional infliction of emotional distress.

At a hearing on Levine's motion for summary judgment, Jenkins dismissed all her claims except malicious prosecution. The district court determined that Jenkins had not established malicious prosecution under Virginia law and granted summary judgment to Levine. The court further found that it was without jurisdiction to entertain Levine's counterclaim, which the court dismissed without prejudice. In No. 98-1905, Jenkins appeals the district court's order. In No. 98-1951, Levine cross-appeals from that order.

II

In this diversity action, it is Virginia's substantive law of malicious prosecution that the district court in Maryland correctly applied. See

3

Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Motor Club of Am. Ins. Co. v. Hanifi, 145 F.3d 170, 177 (4th Cir.), cert. denied, ___ U.S. ___, 67 USLW 3175 (U.S. Nov. 16, 1998) (No. 98-309); Naughton v. Bankier, 691 A.2d 712, 716 (Md. App. 1997). Virginia law requires that a plaintiff in a malicious prosecution case prove "by a preponderance of the evidence that the prosecution was: (1) malicious; (2) instituted by, or with the cooperation of, the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." Hudson v. Lanier, 497 S.E.2d 471, 473 (Va. 1998).

Our review of the record persuades us that Jenkins did not meet her burden. It is undisputed that Levine called the police in a good-faith effort to report the incident and to seek guidance as to what her options were. She did not request the initiation of criminal proceedings; the decision to issue the arrest warrant was made by the magistrate after his conversation with Levine. Under these circumstances, we find that two elements of malicious prosecution, malice and probable cause, were lacking. See id.; Bain v. Phillips, 228 S.E.2d 576, 581 (Va. 1976); Chipouras v. AJ&L Corp., 290 S.E.2d 859, 861 (Va. 1961).

We therefore affirm the district court's decision granting Levine's motion for summary judgment in No. 98-1905. In light of this disposition, and Levine's representation to this court that she would dismiss her appeal in No. 98-1951 if we affirmed the order granting summary judgment to Levine in No. 98-1905, we dismiss No. 98-1951. We grant the motion to submit on the briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 98-1905 - AFFIRMED
No. 98-1951 - DISMISSED

4