## CIRCUIT COURT OF THE CITY OF NORFOLK

Cole

v.

Eckerd Corp.

December 20, 2000

Case No. (Law) L00-2243

BY JUDGE JOHN C. MORRISON, JR.

This matter comes before the Court on defendant Eckerd's Demurrer to Plaintiff's Motion for Judgment. Plaintiff filed a Motion for Judgment against Eckerd Corp. on September 25, 2000, alleging negligence, gross negligence, false imprisonment, fraud, and malicious prosecution. Plaintiff alleges that defendant suspected the plaintiff of stealing drugs, that Eckerd informed the police of this suspicion, and that the police obtained a warrant from a magistrate. The magistrate found probable cause and issued the warrant in April of 1998. In November of 1998 (six months later), the plaintiff himself called the police to report a disturbance in his area and it was at that time that the police realized there was a warrant out for plaintiff's arrest. The police officer then arrested the plaintiff and took him to the Norfolk City Jail where he was stripped naked and searched, fingerprinted, and photographs were taken. Plaintiff was later taken to Virginia Beach City Jail where similar events took place. Plaintiff also claims that he tried to explain to various authorities that he did not steal anything but that no one listened to him. He was eventually released on bond and the charges were later dropped. Plaintiff asserts that as a result of all of this, he has suffered mentally, emotionally, and physically and asks for an award of compensatory damages in the amount of

$1,000,000.00 and punitive damages in the amount of $1,000,000.00. Defendant demurrers to all counts.

## I. *Negligence and Gross Negligence*

In order to allege a cause of action for negligence and therefore gross negligence, a plaintiff must allege that a duty existed between the plaintiff and defendant, that the duty was somehow breached, causation in fact, proximate causation that the breach caused the injury, and damages resulting from that breach. *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 523 S.E.2d 826 (2000). Ordinary negligence is the failure to use that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury to another. An allegation of negligence or contributory negligence is sufficient without specifying any particulars of the negligence. Rules of the Virginia Supreme Court 3:16(b). Gross negligence amounts to the want of even scant care and completely violates a legal duty to respect the rights of others. *Frazier v. City of Norfolk*, 234 Va. 388, 393, 362 S.E.2d 688 (1987).

In the case at bar, plaintiff bases his claim for negligence and gross negligence on the allegations that follow: "[t]hat in swearing out the Warrant for Arrest for the plaintiff, the defendant failed to properly investigate this matter and did so in a negligent and gross negligence [*sic*] manner. If they had investigated, defendant would have known that plaintiff was not the man and did not fit the description of the man who had done the crime." Motion for Judgment at 3. Plaintiff does not, however, allege facts tending to show how the officer investigated, that he did not follow normal procedures, etc. The plaintiff claims negligence in the "swearing out" of the warrant, meaning when the plaintiff was arrested by the officer. Plaintiff does not allege that there was any negligence on the part of Eckerd merely because someone called the police back in April of 1998. This is important because plaintiff does not allege any action taken by Eckerd themselves that would amount to negligence; the only allegations are against the individual officer(s) involved in the arrest. This means that plaintiff must allege some type of agency relationship between Eckerd and the officer(s) at the time of the arrest and the subsequent actions taken. There is no such allegation here. In any event, there appears to be no breach of a duty just because Eckerd called the police to report a possible crime.

Further, applying the above standards of law, it is clear from the face of the pleadings that plaintiff cannot make out a claim for gross negligence. In oral argument the only evidence of "negligence" was the conclusory statement

that the police officer should have known that plaintiff did not fit the suspect's description and that the license plate on plaintiff's car did not match the "description" of the suspect's car. Plaintiff claims that someone stole his license plate and then put it on the car that was seen the day of the supposed crime and then replaced the license plate on plaintiff's car, or something to that effect. For these reasons this claim fails.

## II. *Assault and Battery*

This claim is also currently against the defendant Eckerd. Pursuant to the doctrine of respondeat superior, an employer may be held liable for torts committed by their agents or employees if the employee was acting within the scope of his or her employment. *Plummer v. Center Psychiatrists, Ltd.*, 252 Va. 233, 476 S.E.2d 172 (1996). The claim cannot exist against Eckerd without factual allegations that the officer (Russell) was an agent of Eckerd. Eckerd had no contact with the officer at any time. Further, Eckerd did not have any control over the officer at the time of the execution of the warrant. There is no allegation in the Motion for Judgment that Eckerd intentionally touched or threatened the plaintiff. Therefore this claim also fails.

## III. *Fraud*

Count 3 alleges fraud against defendant Eckerd. The elements of actual fraud are: (1) a false representation; (2) of a material fact, (3) made intentionally or knowingly; (4) with intent to mislead; (5) reliance by the misled party, and (6) injury to the misled party. *Winn v. Aleda Const. Co.*, 227 Va. 304, 315 S.E.2d 193 (1984); *Thompson v. Bacon*, 245 Va. 107 (1993). A claim of fraud must be pleaded with particularity. *Mortarino v. Consultant Eng'g Services*, 251 Va. 289, 467 S.E.2d 778 (1996).

Plaintiff alleges no misrepresentations, no reliance, no intent to deceive, etc. The basis of plaintiff's claim is as follows: "In swearing out the warrant of arrest for the plaintiff, defendant was so grossly negligent in the handling of same, that defendant's actions amount to fraud." Not only is this insufficient on its face because there are no specific allegations that meet the standard that it be pleaded with "particularity," but it also fails because there are no allegations that anything was ever said by Eckerd to the plaintiff. Without an allegation that some representation was made by Eckerd to plaintiff there can be no falsity, no intent to deceive, no reliance, and consequently no injury to the plaintiff. There are simply no allegations that could possibly rise to the level of fraud. This claim must also fail.

## IV. *False Imprisonment*

The common law tort of false imprisonment is also referred to as false arrest. *Coughlan v. Jim McKay Chevrolet*, 18 Va. Cir. 265 (Fairfax 1989). In stating a claim for false imprisonment, there must be some allegation that the process which led to the arrest was unlawful. *Id.*, citing *Motley v. Virginia Hardware & Mfg. Co.*, 287 F. Supp. 700 (W.D. Va. 1968). False imprisonment is the "restraint of one's liberty without any sufficient legal excuse therefor by word or acts, which he fears to disregard, and neither malice, ill will, nor the slightest wrongful intention is necessary to constitute the offense." *Montgomery Ward & Co. v. Wickline*, 188 Va. 485, 489, 50 S.E.2d 387 (1948).

A warrant "'regular on its face' does not give rise to a cause of action for false imprisonment 'even though the warrant was procured . . . without probable cause'." *Coughlan*, 18 Va. Cir. 265. Further "if a complaint is simply made before a magistrate with jurisdiction to issue the warrant and the defendant does not participate in the resulting illegal arrest, the defendant is not liable for false imprisonment caused by a subsequent error of the magistrate, or the clerk, or the officer." *Smith v. Button*, 43 Va. Cir. 379 (1997), citing 21 A.L.R. 2d, *False Arrest*, § 23. Moreover, where a defendant merely reports to an officer what was seen and the officer subsequently arrests the person, the false arrest and imprisonment is the act of the officer and not the informant. *Id.*

Even a police officer who makes a misdemeanor arrest *without a warrant* and one based upon mistakes of fact or law may not be subjected to civil liability for false imprisonment, provided that the officer acted in good faith and had a reasonable belief in the validity of the arrest. *Yeatts v. Minton*, 211 Va. 402, 404, 177 S.E.2d 646 (1970). In this case, a warrant was in fact issued. A warrant is not issued absent probable cause to believe that a crime was committed and was committed by a particular person. The standard applied in reviewing a magistrate's probable cause determination is whether, considering the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause was present. *Bowman v. Commonwealth*, 1997 Va. App. Lexis 233 (1997). A magistrate may draw reasonable inferences from the facts supplied and any determination by the magistrate should be given great deference by the reviewing courts. *Id.* A determination that probable cause existed was made in this case and will be given great deference.

Eckerd merely told an officer what was seen, the officer later presented this to a magistrate, and defendant was later arrested. Eckerd was not part of

the arrest. In fact, months went by before defendant was even arrested which leads to the conclusion that Eckerd was not in any way procuring much less pursuing any legal action against this defendant. Moreover there is no allegation that Eckerd and the officer(s) have an agency relationship. Even if plaintiff had alleged such relationship, the claim still fails. The warrant was issued based on probable cause and the subsequent arrest was pursuant to that warrant albeit months later. No action for false imprisonment may lie when the arrest is lawful. *Yeatts, supra.*

## V. *Malicious Prosecution*

In order to state a claim for malicious prosecution, a plaintiff must allege that the prosecution was (a) malicious; (b) instituted by, or with the cooperation of, the defendant; (c) without probable cause; and (d) terminated in a manner not unfavorable to the plaintiff. *Hudson v. Lanier*, 255 Va. 330, 333, 497 S.E.2d 471 (1998). Plaintiff has the burden of proving all four elements by a preponderance of the evidence. *Id.* Malice is defined as any "controlling motive other than a good faith desire to further the ends of justice, enforce obedience to the criminal laws, suppress crime, or see that the guilty are punished." *Id.*, citing *Freezer v. Miller*, 163 Va. 180, 206, 176 S.E.2d 159, 169 (1934).

In this case, there are no allegations in the Motion for Judgment alleging that defendant Eckerd had any motive in calling the police other than a good faith desire to see that the laws are enforced. *Hudson, supra.* Probable cause was found here. The allegations on their face are insufficient to state a claim for malicious prosecution based on the lack of any malicious intent, the very nature of the tort.

For the reasons stated above, defendant Eckerd's Demurrer is sustained as to all counts.