192

## CIRCUIT COURT OF THE CITY OF RICHMOND

Tevaris F. Crawford

 v.

Tuong Pham et al.

November 10, 2004

Case No. 760CL04S01342-00

BY JUDGE T. J. MARKOW

This case is before the court on Defendants' Motion for Summary Judgment. Plaintiff filed a cause of action for malicious prosecution against Defendants.

Plaintiff alleges that he was maliciously brought before a grand jury by defendant prosecutors Tuong Pham and Christopher Bullard and wrongfully indicted for Aggravated Malicious Wounding of Chontae Bates and use of a firearm in the commission of that felony without any probable cause. According to Plaintiff, these charges were later *nolle prossed*.

Defendants argue in their Memorandum in Support of Defendants' Motion for Summary Judgment that Plaintiff has confused the facts and no such charge was ever brought on behalf of the victim Chontae Bates. Defendants admit that charges of Aggravated Malicious Wounding of Cyerra Gonder and Use of a Firearm in Connection with Aggravated Malicious Wounding of Cyerra Gonder were brought and later *nolle prossed*, but deny that any Aggravated Malicious Wounding charges were brought on behalf of the victim Chontae Bates. Defendants also argue that, even if the facts were as Plaintiff alleges, Plaintiff has failed to allege facts sufficient to support such a claim, and the doctrine of sovereign immunity applies.

Defendants' pleadings allege and affidavits support the fact that Plaintiff was never charged with or indicted on Aggravated Malicious Wounding of Chontae Bates or Use of a Firearm in Connection with the Aggravated

Malicious Wounding of Chontae Bates, but rather, Plaintiff, on June 2, 2003 was indicted for:

1. Murder of Chontae Bates (Indictment No. 03-686-F);

2. Use of Firearm in Connection with Murder of Chontae Bates (Indictment No. 03-691-F);

3. Malicious Wounding of Cyerra Gonder (Indictment No. 03-687-F);

4. Aggravated Malicious Wounding of Cyerra Gonder (Indictment No. 03-688-F);

5. Use of a Firearm in Connection with the Malicious Wounding of Cyerra Gonder (Indictment No. 03-689-F);

6. Use of a Firearm in Connection with the Aggravated Malicious Wounding of Cyerra Gonder (Indictment No. 03-690-F);

and on, November 3, 2003, Plaintiff was also indicted for:

7. Attempted Robbery of Chontae Bates (Indictment No. 03-1190-F);

8. Use of a Firearm in Connection with the Attempted Robbery of Chontae Bates (Indictment No. 03-1191);

9. Attempted Robbery of Cyerra Gonder (Indictment No. 03-1192-F); and

10. Use of a Firearm in Connection with the Attempted Robbery of Cyerra Gonder (Indictment No. 03-1193-F).

Defendants' pleadings also allege and affidavits also support the fact that prior to trial on January 13, 2004, upon motion by the Commonwealth, the charges of Aggravated Malicious Wounding of Cyerra Gonder and Use of a Firearm in Connection with Aggravated Malicious Wounding of Cyerra Gonder were *nolle prossed*. Thereafter, Plaintiff was convicted of six of the eight felonies for which he was tried.

Accordingly, the court finds that the Plaintiff has confused the facts and no claim for malicious prosecution lies.

Even if the facts were as Plaintiff alleges, Plaintiff has failed to state a cause of action for malicious prosecution. In an action for malicious prosecution, the plaintiff must prove that "the prosecution was (1) malicious; (2) instituted by . . . the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." *Hudson v. Lanier*, 255 Va. 330, 497 S.E.2d 471 (1998). Plaintiff was ultimately convicted of six of the eight felonies for which he was tried. This is an unfavorable determination.

Accordingly, the court finds that the prosecution terminated unfavorably to the Plaintiff and, therefore, Plaintiff has failed to allege and the facts do not support a claim for malicious prosecution.

Lastly, even if Plaintiff's account of the facts is correct, and Plaintiff sufficiently stated a cause of action for malicious prosecution, Defendants are immune from liability. The Virginia Supreme Court recently held, "In each case where a prosecutor is involved in the charging process, under Virginia law, that action is intimately connected with the prosecutor's role in judicial proceedings and the prosecutor is entitled to absolute immunity from suit for such actions." *Andrews v. Ring*, 266 Va. 311, 585 S.E.2d 780 (2003).

Accordingly, the court finds that absolute immunity shields the Defendants from liability in this action.

For the reasons stated above, it is hereby ordered that the Motion for Summary Judgment is granted and the case is dismissed.