15-3561-cv
*Doe v. Delta*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           BARRINGTON D. PARKER,
                    *Circuit Judges.*

---

JANE DOE,

                *Plaintiff-Appellant,*             15-3561-cv

                v.

DELTA AIRLINES INC., a Delaware corporation doing business in New York,

                *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Donald A. Migliori and James R. Brauchle, Motley Rice LLC, Mount Pleasant, SC. |
| **FOR DEFENDANT-APPELLEE:** | Louis R. Martinez and Michael Maragoudakis, Martinez & Ritorto, P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be and hereby are **AFFIRMED**.

Plaintiff-Appellant Jane Doe appeals from nine orders of the District Court: six orders requiring Doe to produce medical records to Delta; two orders granting monetary sanctions against Doe pursuant to Rule 37, Fed. R. Civ. P.; one order granting Delta summary judgment on Doe's false arrest claim; and one order denying Doe's request to proceed to trial under a pseudonym. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    The Production of Doe's Medical Records.

Doe argues that the District Court erred by ordering her to produce her medical records in discovery. Specifically, she contends that her medical records were protected from disclosure by New York State's physician-patient privilege and that she did not waive that privilege because her medical condition was not at issue in the litigation.

The District Court disagreed and concluded that Doe had waived the privilege. It found that Doe's claims of, among other things, false arrest and defamation "put her health and medical history squarely at issue" because the crux of her complaint was that Delta "erroneously prevented her from boarding a flight on the ground that she was intoxicated." SPA 14.

We review a district court's finding of a waiver of privilege for abuse of discretion. *See In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008); *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000). To that end, "[a] district court has abuse[d] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence . . . or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d at 132 (internal quotation marks and citations omitted).

There is no dispute that Doe's medical records were protected from disclosure by New York State's physician-patient privilege. *See Dillenbeck v. Hess*, 73 N.Y.2d 278, 284 (1989); N.Y. C.P.L.R. § 4504. However, we agree with the District Court that Doe waived the privilege by virtue of her claims against Delta. *See, e.g.*, *People v. Wilkins*, 65 N.Y.2d 172, 176 (1985); *Koump v. Smith*, 25 N.Y.2d 287, 294 (1969). Doe's claims against Delta turn, at least in part, on whether she was intoxicated. There was evidence that Doe combined prescription medication with alcohol around the time of the alleged confrontation with Delta employees. The identity of Doe's medications and their effect when combined with alcohol bear directly on the issues of liability and damages. Because Doe's medical condition was at issue, the District Court did not err by ordering the production of Doe's medical records.

2

## II. Sanctions Against Doe Under Rule 37.

Doe also challenges the District Court's orders sanctioning her for failing to comply with its six discovery orders compelling the production of her medical records.[1] She contends that her failure to comply with the District Court's orders was justified because she was "vigorously" asserting her rights under New York's physician-patient privilege and, therefore, sanctions were inappropriate. Plaintiff's Br. 30–31. We disagree.

We review an order imposing sanctions for abuse of discretion. *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 113 (2d Cir. 2009). When faced with a "breach of a discovery obligation [that] is the non-production of evidence, a District Court has broad discretion in fashioning an appropriate sanction." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002). Rule 37 provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . [including] dismissing the action or proceeding in whole or in part." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting Fed. R. Civ. P. 37(b)(2)(A)(v)). District courts should consider several factors when exercising their discretion to impose sanctions under Rule 37, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (internal citation marks omitted).

Each of the four *Agiwal* factors favors imposing monetary sanctions against Doe. Between June 9, 2014 and October 7, 2014, the District Court entered six orders requiring Doe to produce all of the relevant medical records and authorizations. Doe did not fully comply with the District Court's discovery orders until November 2014. During those six months of non-compliance, the District Court repeatedly warned Doe that it would "entertain a motion for appropriate relief, including sanctions," if Doe did not produce her medical records. SPA 16. And, according to Doe's own attorney, Doe refused to sign the relevant medical authorizations only because she "disagree[d] with [the District Court's] ruling" compelling production. SPA 9–10 n. 4. Based on that record, the District Court did not err by imposing monetary sanctions against Doe.

## III. Delta's Motion for Summary Judgment on Doe's False Arrest Claim.

Delta moved for summary judgment against all of Doe's claims and the District Court granted Delta's motion except as to Doe's claim of battery. Doe appeals the District Court's order granting Delta summary judgment on her false arrest claim only.

---

[1] On February 25, 2015, the District Court issued an order granting Delta's motion for monetary sanctions against Doe. On April 21, 2015, it issued a second order fixing Doe's monetary sanctions at $16,287.38. Doe does not appeal the specific amount of monetary sanctions.

3

We review *de novo* a grant of summary judgment "to ascertain whether the substantive law was properly applied and, viewing the evidence in the light most favorable to plaintiff, to determine whether there are genuine issues of material fact necessitating a trial." *Curley v. AMR Corp.*, 153 F.3d 5, 11 (2d Cir. 1998). Under Virginia law, "[f]alse imprisonment is restraint of one's liberty without any sufficient legal excuse therefor by word or acts which he fears to disregard, and neither malice, ill will, nor the slightest wrongful intention is necessary to constitute the offense."[2] *Montgomery Ward & Co. v. Wickline*, 50 S.E.2d 387, 388 (Va. 1948) (internal quotation marks omitted). A party who "actively instigated, directed, or procured" the unlawful arrest of a person is liable for false imprisonment. *Winters v. Campbell*, 137 S.E.2d 188, 196 (Va. 1964). Nevertheless, trial courts of the Commonwealth of Virginia have repeatedly held that "where a defendant merely reports to an officer what was seen and the officer subsequently arrests the person, the false arrest and imprisonment is the act of the officer and not the informant." *Cole v. Eckerd Corp.*, 54 Va. Cir. 269 (Va. Cir. Ct. 2000); *see also Smith v. Button*, 43 Va. Cir. at 379.

The District Court concluded that, even viewing the facts in a light most favorable to Doe, Doe had failed "to adduce non-speculative evidence that Delta requested her arrest." SPA 81. After careful review of the evidence presented at summary judgment, we agree. The District Court properly granted summary judgment to Delta on Doe's false arrest claim.

## IV. District Court's Order Denying Doe's Application to Proceed to Trial Anonymously.

At the outset of the action, the District Court granted Doe's motion to file her complaint under a pseudonym, "until such time as the Court orders the name to be disclosed." JA 32. After granting partial summary judgment to Delta and before proceeding to trial on Doe's sole remaining claim, the District Court ordered Doe to submit a letter stating whether she sought to proceed under a pseudonym and, if so, providing legal authority for her request. Then, in an October 2, 2015 order, the District Court denied Doe's application to proceed to trial anonymously and directed her to file an amended complaint identifying herself by name. Doe declined to do so and the District Court dismissed her remaining claim with prejudice. Doe now appeals the District Court's order denying her application to proceed to trial under a pseudonym.

We review a district court's decision to grant or deny an application to litigate under a pseudonym for abuse of discretion. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008). To determine "whether a plaintiff may be allowed to maintain an action under a pseudonym," the district court must balance "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. To that end, we have noted

---

[2] There is no dispute that Virginia law applies and, under Virginia law, "false arrest" and "false imprisonment" are two names for the same tort. *See Smith v. Button*, 43 Va. Cir. 379 (Va. Cir. Ct. 1997); *Coughlan v. Jim McKay Chevrolet, Inc.*, 18 Va. Cir. 265 (Va. Cir. Ct. 1989).

4

with approval several factors that the district court may consider, along with others, when deciding whether the use of a pseudonym is appropriate in a particular case. *Id.* at 189–90. Those factors include: "whether the litigation involves matters that are highly sensitive and [of a] personal nature;" "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties;" and, "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated." *Id.* (internal quotation marks and citations omitted).

After a careful balancing of the relevant interests, the District Court concluded that "the key factors here favor disclosure of Doe's name." SPA 87. We agree. The public interest in scrutinizing judicial proceedings combined with the prejudice Delta would face from defending against claims prosecuted by an anonymous person at trial far outweigh Doe's interest in not suffering professional embarrassment and any concomitant financial harm. The District Court did not err by denying Doe's application to proceed to trial anonymously.

## CONCLUSION

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5